A.R., by and through her next friend, Susan ROOT, et al., Plaintiffs,

v.

Elizabeth DUDEK, in her official capacity as Secretary of the Agency for Health Care Administration, et al., Defendants.

United States of America, Plaintiff,

v.

State of Florida, Defendant.

Case No. 12–60460–CIV.

United States District Court, S.D. Florida, Fort Lauderdale Division.

Signed Jan. 15, 2015.

Edward J. Grunewald, Paolo G. Annino, Tallahassee, FL, Matthew Wilson Dietz, Miami, FL, for Plaintiff.

Michael Garrett Austin, DLA Piper LLP (US), Miami, FL, Andrew T. Sheeran, Stuart Fraser Williams, Leslei Gayle Street, Agency for Healthcare Administration, George N. Meros, Jr., Gray Robinson, Jennifer Ann Tschetter, Caryl Kilinski, Florida Department of Health, Christopher Brian Lunny, Radey Thomas Yon & Clark, Harry Osborne Thomas, Brittany Adams Long, Thomas

Ames Crabb, Radey Thomas Yon & Clark, Tallahassee, FL, for Defendants.

## ORDER ON UNITED STATES' MOTION FOR PROTECTIVE ORDER

PATRICK M. HUNT, United States Magistrate Judge.

This matter is before this Court on the United States' Motion for Protective Order, filed on December 9, 2014. ECF No. 299. On October 9, 2014, the Honorable William J. Zloch referred all pretrial motions to the undersigned United States Magistrate Judge. ECF No. 275; *see also* 28 U.S.C.A. § 636(b); S.D. Fla. L.R., Mag. R. 1. The United States' Motion was temporarily granted pending a hearing, which was held on January 12, 2015. ECF Nos. 305, 312. After careful review of the Motion, the Response and Reply thereto, the parties' oral argument, and the applicable case law, and being otherwise duly advised in the premises, it is hereby ORDERED and ADJUDGED that the United States' Motion for Protective Order is DENIED IN PART and GRANTED IN PART, as more fully set forth below.

█ The United States seeks a protective order precluding the State's Federal Rule of Civil Procedure 30(b)(6) deposition of its representative. ECF No. 299. The United States argues that its representative will be its litigation counsel who was also involved in the enforcement investigation. As such, it is the United States' position that all information potentially gained from the deposition will be work product or duplicative of information already provided in answers to interrogatories or found in its investigation report provided to the State. Though the United States conceded at the hearing that it could designate a non-attorney as its representative, the United States' Motion relies primarily on an analysis of whether the State can depose an attorney.

The United States also argues that some of the noticed topics—Topics 5, 6, 10, and 11—are irrelevant or overbroad. Specifically, the United States maintains that (1) Topic 5 seeks attorney work product because it addresses "specific facts surrounding the investigation ... including the specific facilities that [the United States] visited and the individuals that [the United States] interviewed";

(2) Topic 6 inappropriately seeks testimony regarding civil actions brought by the United States under Title II of the ADA prior to 2008 because this information is irrelevant; and (3) Topics 10 and 11 are inappropriate attempts to seek privileged information that has been subject to the United States' privilege log. ECF No. 299 at 4.

Last, the United States briefly argues that the State's notice of deposition does not comply with the DOJ's regulations governing demands for oral testimony from the United States because it does not include an affidavit or "provide a sufficient summary of the testimony sought." ECF No. 299 (quoting 28 C.F.R. § 16.23(c)).

The State argues that there is no exception under Rule 30(b)(6) for a government entity and also argues that the United States' position is fundamentally flawed because the United States is not *required* to designate one of its attorneys as its representative. Regarding the objected-to topics noticed by the State, the State maintains that (1) Topic 5 is discoverable because the State is not seeking information regarding the method of fact gathering that the United States undertook, rather, the State is simply seeking the names of the witnesses interviewed and institutions visited that provided the factual foundation for the United States' enforcement action; (2) Topic 6 is relevant because of the State's position that the United States does not have standing to enforce Title II of the ADA; and (3) for purposes of Topics 10 and 11, "[e]ven if it were 'unorthodox' to seek the factual basis of privilege assertions in a deposition, it is not objectionable." ECF No. 303 at 5.

The United States relies on *S.E.C. v. Monterosso*, No. 07–61693–CIV, 2009 WL 8708868 (S.D.Fla.2009) (Garber, J.) and *United States Attorney General v. Pine*, No. 10–80971–CIV, slip op. ECF No. 64 (S.D.Fla. 2011) (Vitunac, J.), for the proposition that a Rule 30(b)(6) deposition of an enforcing agency is inappropriate because it would involve the work product of the agency's attorney; whereas the State relies on *S.E.C. v. Merkin*, 283 F.R.D. 689 (S.D.Fla.2012) (Goodman, J.), and other similar holdings, for the proposition that there is no blanket exception pro-

hibiting the deposition of an enforcing agency. *See S.E.C. v. Kramer,* 778 F.Supp.2d 1320, 1328 (M.D.Fla.2011) ("Permitting the Commission in this instance to assert a blanket claim of privilege in response to a Rule 30(b)(6) notice creates an unworkable circumstance in which a defendant loses a primary means of discovery without a meaningful review of his opponent's claim of privilege.").

Rule 30(b)(6) provides that "a party may name as the deponent ... a governmental agency ... and must describe with reasonable particularity the matters for examination." After the governmental agency has received the notice, it "must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." *Id.* A person who is designated to testify "must testify about information known or reasonably available to the organization." *Id.*

Notwithstanding Rule 30(b)(6), "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed.R.Civ.P. 26(b)(3)(A). But, the documents may be discoverable if the party "shows that it has a substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Here, the State has not requested any documents or notes created during the United States' investigation. Instead, the State seeks testimony regarding the facts that were included in the Complaint, which is distinguishable from work product. *Stern v. O'Quinn,* 253 F.R.D. 663, 685–86 (S.D.Fla. 2008).

■ After careful review of the aforementioned Rules and the cases cited by the parties, the undersigned holds that the reasoning applied in *Merkin* and other similar decisions is persuasive and is a more workable reading of the Rules. Indeed, "[i]t is very unusual for a court to prohibit the taking of a deposition altogether and absent

extraordinary circumstances, such an order would likely be in error." *Salter v. Upjohn Co.,* 593 F.2d 649, 651 (5th Cir.1979).[1]

First, this Court agrees with the State that the United States' position is fundamentally flawed because Rule 30(b)(6) does not require a government entity to designate one of its attorneys as its representative.

Second, the United States' argument—that even if it designated a non-attorney representative, such a representative would be tantamount to an attorney because the attorney would have to prepare the representative—is flawed as addressed by Judge Goodman in *Merkin.* 283 F.R.D. at 696 ("[T]he argument that a lawyer would be involved in the preparation process is simply a truism which, if sufficient to preclude 30(b)(6) depositions, would eliminate that discovery tool."). The representative would not be prepared to discuss counsels' mental impressions; rather, the representative would be prepared to disclose the facts known to the United States. To create an exception for government entities that choose to use an attorney to investigate the basis of an enforcement action would be unjust and inconsistent with the Rules.

Third, though the United States has produced roughly 40,000 documents—according to their counsel—including the names of over 200 fact witnesses, it is apparent that the State is still without knowledge of which witnesses are associated with specific facts asserted in the Complaint. *See* ECF No. 306 Attach. 1 (United States' report served on State that recites investigation findings without specific names of witnesses or names of facilities visited). It seems fundamental that a defendant should be able to inquire into the facts upon which a plaintiff relies in support of its complaint. To require the State to independently depose the list of witnesses provided to them in order to cobble together the basis of the United States' Complaint would be an unworkable requirement. Therefore, this Court determines that there is no rule excepting the United States from

---

**1.** Decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, are

binding precedent in the courts of the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981).

complying with Rule 30(b)(6) and the State is seeking that which it is entitled to know—not work product. As such, the United States must designate a representative who can be prepared to testify on the relevant facts of the investigation that are known or reasonably available to the United States.

■ However, not everything that the State noticed for deposition is appropriate, and there may be instances in which a work-product or privilege objection is appropriate during the deposition. In the interest of guidance, the undersigned determines that Topic 5—names of witnesses and locations of facilities visited—is an appropriate topic for the deposition, but that Topics 6, 10 and 11 are not. Topic 6 is irrelevant based on this Court's Order on Motion for Judgment on the Pleadings, which disposed of the State's argument that the United States lacks standing to enforce Title II. *See* No. 13–61576–CIV–RSR/PMH, ECF No. 40. Topics 10 and 11, which deal with facts relating to the United States' privilege log, should be handled by way of conferring with opposing counsel and seeking a more specific privilege log. Ultimately, the burden is on the party asserting the privilege, the United States, to show that the document is privileged. *See Campero USA Corp. v. ADS Foodservice, LLC,* 916 F.Supp.2d 1284, 1292 (S.D.Fla. 2012). If the State thinks that the United States has not carried its burden, then it may seek the appropriate relief with this Court by way of a motion to compel. However, the undersigned reminds counsel for both governments that motion practice is highly disfavoured regarding discovery issues that are easily reconciled by way of proper conferral—i.e., in person or by telephone. Counsels' inability to resolve disputes without court intervention is often due to a lack of communication and can prove to be extremely, and unduly, costly to the parties.

Next, it is necessary to highlight and deflate one of the United States' misplaced arguments regarding why this Court should not follow the analysis of *Merkin* and permit the deposition. The United States has taken the position, in part, that the result in *Merkin*—allowing the deposition of an enforcement agency's designee—created multiple issues during the deposition because the deposing party repeatedly sought information that was work product or privileged and the SEC repeatedly objected throughout the daylong deposition, ultimately leading to further court proceedings. Though the undersigned appreciates the notice, this Court will not consider the inability of counsel from another case to conduct themselves within the parameters contemplated by a court order as a reason to restrict the proper scope of the Rules. Indeed, the undersigned has the utmost faith in counsels' ability to work through their deposition while respecting the spirit of this Order.

■ Last, regarding the United States' procedural objection that the notice of deposition does not include an affidavit or a sufficient summary of the testimony sought, the United States has not cited to any further legal support that a notice of deposition, as provided by the State here, does not constitute a "sufficient summary of the testimony sought." Accordingly, the undersigned finds no merit to the United States' argument on this issue.

In sum, the United States is not excused from depositions under Rule 30(b)(6). However, as noticed by the State, Topics 6, 10, and 11 are not appropriate and shall not be addressed during the deposition. Furthermore, the State must understand the truly limited nature of what they are entitled to learn from the United States—the facts underlying the Complaint. Again, counsel for both parties must conduct themselves in a manner that will (1) allow the State to inquire into those facts necessary to support the United States' claim; and (2) respect the work product of the United States' counsel.